# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    -vs-                                  **Case No. 1:25-cr-04419-KWR**

**ALFONSO MOYA,**

      **Defendant.**

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER OF DETENTION PENDING TRIAL [DOC. 34]

**THIS MATTER** is before the Court on defendant Alfonso Moya's Motion to Reconsider Order of Detention Pending Trial, filed on January 23, 2026.  Doc. 56.  The United States opposes Mr. Moya's motion.  Doc. 63.  For the following reasons, the Court DENIES the motion.

On October 27, 2025, the Court ordered Mr. Moya detained pending trial based on its finding that Mr. Moya was both a flight risk and a danger to the community.  Doc. 34.  The Court noted that Mr. Moya was charged with a crime—a drug trafficking offense with a minimum mandatory sentence of ten years—that carries a rebuttable presumption of detention. *Id.* at 2.  The Court also noted that Mr. Moya was subject to a lengthy period of incarceration if convicted, that he lacked stable employment, that he had a history of substance abuse, a history of violence or use of weapons, and a history of prior probation violations.  *Id.* at 2–3.  Mr. Moya also has a previous conviction for trafficking a controlled substance and being a felon in possession of a firearm.  Doc 23 at 5–6.  The Court specifically noted in the order of detention

that law enforcement officers had found 10 firearms in his home, including one that was fully automatic, and that he knew he was not permitted to have firearms.  Doc. 34 at 3.

Mr. Moya now asks the Court to reconsider detention because he "is now eager to fully regain his sobriety" and he would like to be placed at the Cenikor Foundation Treatment Center. *See* Doc. 56 at 1–2.  The United States argues that the Court should adhere to its original decision to detain Mr. Moya because the relevant factors still support that decision.  *See* Doc. 63. In essence, the United States contends that nothing material has changed since the Court ordered Mr. Moya's detention.  *See id.*  The Court agrees with the United States.

First, Mr. Moya has not given the Court a reason to reconsider its original detention order.  A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them.  *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011).  Mr. Moya has made no argument that the Court misapprehended anything at the original detention hearing, or that the Court clearly erred in detaining Mr. Moya, or that release is required to prevent manifest injustice.  *See* Doc. 56.

Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Moya] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).  Here, although the information about Mr. Moya's desire for substance abuse treatment may be new, that information does not have a

2

material bearing on whether Mr. Moya poses either a risk of nonappearance or a danger to the community.  The Court based its detention order on Mr. Moya's past conduct and the relevant factors under the Bail Reform Act.  Mr. Moya has not submitted sufficient information for the Court to reopen the detention hearing.

IT IS THEREFORE ORDERED that defendant Alfonso Moya's Motion to Reconsider Order of Detention Pending Trial (Doc. 56) is denied.

DATED this 20th day of February 2026

_____t
Laura Fashing
United States Magistrate Judge